IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS G. CHAPIN, II,  )
        Plaintiff,  )
  -vs-  )  Civil Action No. 16-145
NANCY A. BERRYHILL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
        Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 8) and denying Defendant's Motion for Summary Judgment. (ECF No. 10).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income pursuant to the Social Security Act ("Act"). Administrative Law Judge ("ALJ"), Donald T. McDougall, held a hearing on November 7, 2014. (ECF No. 6-3, pp. 41-68). On February 19, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 22-32). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B. Step 2 Analysis

Plaintiff argues that the ALJ erred in failing to find physical impairments severe. (ECF No. 9, pp. 11-13). Specifically, Plaintiff argues that the ALJ improperly considered his obesity, gastroesophageal disease and duodenitis, and his allergies and completely failed to consider Plaintiff's back problems or his gallbladder issues. *Id.* As a result, Plaintiff argues that remand is warranted. *Id.*

At step 2 of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe. 20 C.F.R. §416.920. A severe impairment is one which significantly limits your physical or mental ability to do basic work activities. *Id.* Thus, an impairment is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R. §416.920(c). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

3

When an ALJ finds that a plaintiff suffers from even one severe impairment, the failure to find other impairments severe is not harmful to the integrity of the analysis because the plaintiff is not denied benefits at that stage and the ALJ continues with the analysis. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5  (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).  In this case, the ALJ did not find Plaintiff's physical impairments to be severe at step 2.  He did, however, find him to have the following severe impairments: bipolar disorder and anxiety disorder.  (ECF No. 6-2, p. 25). Thus, Plaintiff was not denied benefits at step 2.    Rather, the ALJ proceeded beyond step 2 to determine Plaintiff's residual functional capacity ("RFC").  (ECF No. 6-2, pp. 26-32).   Thus, to the extent there is an error at step 2,[2]  I find it to be harmless such that a remand on this basis is not warranted.   *Salles,* 229 Fed.Appx. at 144-145, n. 2.

**C.    Step 3 Analysis**

Plaintiff argues that the ALJ erred in determining that Plaintiff did not meet or equal an impairment listing.   (ECF No. 9, pp. 8-11). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1.   *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995).   An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary.  *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).   The Third Circuit has held that:

> Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."

---

[2] Contrary to Defendant's suggestion otherwise, the ALJ never discussed or acknowledged Plaintiff's back issues at step 2 of the evaluation process.   (ECF No. 6-2, p. 25).

4

*Burnett,* 220 F.3d at 120, n. 2 (quoting *Sims v. Apfel,* 530 U.S. 103 (2000)).

Plaintiff asserts that he meets Listing 12.05 (intellectual disability). (ECF No. 9, pp. 10-11); *see*, 20 C.F.R. pt. 404, subpt. P, app. 1 §12.05. The ALJ, however, never discusses or evaluates Plaintiff under Listing 12.05. *See,* ECF No. 6-2, p. 26. The failure by the ALJ to discuss Listing 12.05 when Plaintiff's intellectual functioning may be at issue prohibits me from conducting a proper and meaningful review. While Defendant argues that Plaintiff does meet the requirements of Listing 12.05, this Court does not review evidence *de novo.* The ALJ should have considered the same in the first instance. Consequently, remand is warranted for a full and proper analysis of Listing 12.05.

I note that the ALJ did consider Listings 12.04 (Affect Disorders) and 12.06 (Anxiety related disorders). (ECF No. 6-2, p. 26). With regard to the same, Plaintiff argues that the ALJ erred by cherry picking "phrases which to him signified that [Plaintiff] was functioning better, but failed to appreciate the whole tenor of the records and their consistency with Dr. Neerukonda's Questionnaire." (ECF No. 9, pp. 8-11). As a result, Plaintiff submits that remand is necessary. *Id.* With regard to Listings 12.04 and 12.06, a plaintiff must meet part A and either part B or part C.[3] After a review of the record, I find that the ALJ's explanation for his part B and part C determinations are bare and conclusory. On remand, the ALJ should support his part B and part C determinations, and all of his determinations, with more explanation.

D. **Weight of Opinion Evidence**

Plaintiff argues that the ALJ erred in weighing the opinion evidence of his treating physician, Dr. Neerukonda. (ECF No. 9, pp. 17-19). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In

---

[3]Part A is a set of medical findings and parts B and C are sets of impairment-related functional limitations. *See,* 20 C.F.R. Pt. 404, Subpt. P, Appx.1 §12.00.

addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

> In the event of conflicting medical evidence, the Third Circuit has explained:
>
> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

The ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient

6

discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008). In the present case, I find the ALJ failed to meet this standard.

The totality of the ALJ's assessment of the opinion evidence is contained in only two sentences.

> As for the opinion evidence, the undersigned has considered the opinion of Dr. Neerrukonda (sic) that the claimant was unable to work, but rejects that opinion because it is not supported by all the evidence of record. Additionally, the claimant has not always taken his medication as prescribed.

(ECF No. 6-2, p. 30). This assessment is lacking.

To begin with, a treating physician's assertion that a plaintiff is "disabled" or "unable to work" is not dispositive of the issue. 20 C.F.R. §§ 404.1527, 416.927. Such ultimate questions of disability are reserved for the ALJ to determine. *Id.* Thus, the ALJ was not under any obligation to weigh or accept said opinion.

Furthermore, the way the opinion is written, the ALJ is only rejecting Dr. Neerukonda's opinion that Plaintiff is unable to work. *See,* ECF No. 6-2, p. 30. His opinion does not state that he is rejecting other portions of Dr. Neerukonda's opinion. *Id.* Yet, Dr. Neerukonda's opinions are not taken into account in the residual functional capacity of Plaintiff, so perhaps the ALJ intended to reject Dr. Neerukonda's entire opinion. *See*, ECF No. 6-2, pp. 26-27. An ALJ may reject all or some of an opinion, but he/she must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). An ALJ must provide "an expression of the evidence s/he considered which supports the result…In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Carter v. Apfel*, 220 F.Supp.2d 393, 396 (M.D. Pa. 2000), *citing*, *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981), *rehearing denied*, 650 F.2d 481 (3d Cir.

1981).  Based on the conclusory statement by the ALJ, I am unable to conduct a meaningful and proper review.   Consequently remand is required.

### E. Vocational Expert

Plaintiff submits that the ALJ erred by relying on incomplete hypothetical questions. (ECF No. 9, pp. 13-16).  Since I am remanding as set forth above, the testimony of the vocational expert cannot stand.   Consequently, remand on this issue is warranted.

### F. Credibility

Additionally, Plaintiff submits that the ALJ erred in assessing his and his mother's credibility.  (ECF No. 9, pp. 18-19).  To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975).   The ALJ must consider "the entire case record" in determining the credibility of an individual's statement.  SSR 96-7p.  The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight."  *Id.*   I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence.   *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Since I am remanding this case based on the issues stated above, the ALJ's credibility determination cannot stand.   It must be reviewed again on remand.

Accordingly, I am remanding this case for full and proper analysis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS G. CHAPIN, II, )
)
      Plaintiff, )
)
  -vs- )   Civil Action No.   16-145
)
NANCY A. BERRYHILL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 5th day of July, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is granted and Defendant's Motion for Summary Judgment (ECF No. 10) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                                      BY THE COURT:

                                                      s/   Donetta W. Ambrose
                                                      Donetta W. Ambrose
                                                        United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.